**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **Robert Godfrey Grier,** | ) | **CASE NO. 5:12 CV 257** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Richland County Correctional** | ) | **Memorandum of Opinion and Order** |
| **Institution,** | ) | |
| Respondent. | ) | |

**Introduction**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Vecchiarelli (Doc. 7) which recommends dismissal of the Petition for Writ of Habeas Corpus pending before the Court. Petitioner filed Objections to the Report and Recommendation. For the following reasons, the Report and Recommendation is ACCEPTED.

**Facts**

Petitioner was found guilty by a jury of robbery and trafficking in cocaine. His conviction arose out of an incident wherein he entered the unmarked pickup truck of a police

1

officer, agreed to purchase crack cocaine for the latter, and attempted to wrest the cash for the drug buy from the officer after exiting the vehicle. The Magistrate Judge rejected petitioner's three grounds for habeas relief.

### Standard of Review

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation."

### Discussion

Petitioner's first ground asserts ineffective assistance of trial counsel. The state appellate court rejected this claim on the merits applying *Strickland v. Washington,* 466 U.S. 668 (1984), the applicable federal law. Therefore, this Court need only determine whether the adjudication was contrary to, or involved an unreasonable application of, *Strickland.* That case requires that a defendant show that defective counsel was so prejudicial that "a reasonable probability" exists that, but for counsel's deficient performance, the result of the proceedings would have been different. Petitioner contends that the state court failed to apply the "reasonable probability" standard. Petitioner asserts that he is not required under the prejudice prong to demonstrate that the results of his trial would have been different but for counsel's errors, but that there was a "probability" sufficient to undermine confidence in the outcome. The Court agrees with the Magistrate Judge that the state court properly stated *Strickland*'s standard, and its determination was not contrary to, or an unreasonable application of, that case. In particular, the state court correctly set forth the *Strickland* two-pronged test, and then applied it to petitioner's three

assertions of ineffectiveness. There was no unreasonable application of *Strickland*.

Ground two involves the sufficiency of the evidence. Again, the state appellate court adjudicated the claim on the merits after applying the correct standard of law. Petitioner takes issue with the state court's finding that the testimony "amply" supported both charges. *Jackson v. Virginia,* 443 U.S. 307, 318 (1979), states that the critical inquiry on review of the sufficiency of the evidence supporting a criminal conviction is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." It is instructed that this does not require a court to ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt, but whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The state appellate court's determination was not contrary to this law.

The third ground addresses whether due process was violated when the trial judge declined to declare a mistrial. The Magistrate Judge concluded that the state appellate court's determination of this issue was not an unreasonable application of clearly established federal law. Petitioner disagrees, but the unreasonable application clause requires the state court decision to be more than incorrect or erroneous. *Lockyer v. Andrade,* 538 U.S. 63 (2003) It must be objectively unreasonable. This has not been demonstrated here.

For the reasons stated above, and those stated in the Report and Recommendation which is incorporated herein, the Petition for Writ of Habeas Corpus is denied.

**Conclusion**

Accordingly, the Report and Recommendation is accepted. The Petition for Writ of

3

Habeas Corpus is dismissed. Furthermore, for the reasons stated herein and in the Report and Recommendation, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

      IT IS SO ORDERED.


                                      /s/ Patricia A. Gaughan
                                      PATRICIA A. GAUGHAN
                                      United States District Judge

Dated: 10/23/12